CORTLANDT FIELD BISHOP, Individually and as Sole Surviving and Sole Acting Executor of and Trustee of the Trusts under the Last Will and Testament of DAVID WOLFE BISHOP, Deceased, and as Executor, etc., of FLORENCE V. C. PARSONS, Deceased, and as Trustee of a Trust under the Said Will and the Codicils Thereto for the CATHARINE MISSION, Appellant, v. BEATRICE BEND BISHOP (Now BEATRICE BEND BERLE) and Others, Respondents, Impleaded with Others, Defendants.

First Department, October 24, 1930.

*Nathan L. Miller* of counsel [*Charles A. Boston* with him on the brief; *Hornblower, Miller & Garrison*, attorneys], for the appellant.

*Winthrop H. Kellogg* of counsel, for the respondent Beatrice Bend Bishop (now Beatrice Bend Berle).

*George W. Martin* of counsel [*Grenville T. Emmet* and *Richard S. Emmet* with him on the brief; *Emmet, Marvin & Martin*, attorneys], for the respondent Bank of New York and Trust Company.

*William G. Barr* of counsel [*King, Lane & Trafford*, attorneys], for the respondent St. Luke's Hospital.

*George N. Whittlesey* of counsel, for the respondent The Children's Aid Society.

*Francis Smyth* of counsel [*Cadwalader, Wickersham & Taft*, attorneys], for the respondent The New York Association for Improving the Condition of the Poor.

*John H. Johnson* of counsel [*Stephen G. Williams* with him on the brief; *Williams & Saxe*, attorneys], for the respondent New York Home for Incurables.

McAVOY, J. There are two appeals here from two interlocutory judgments, one of which construes the will of David Wolfe Bishop,

father of the plaintiff, in its 9th and 16th articles. The other judgment directed an allowance of $25,236.60 out of the corpus of the entire residuary estate to the defendant Beatrice Bishop, the daughter of the appellant (now Mrs. Berle) for her counsel fees and expenses.

The appeal from the second judgment is based on the theory that it was erroneous to make an allowance out of the corpus made up entirely of two-thirds of the testator's residuary estate, which appellant claims belongs to him under a proper construction of his father's will; that it should be free from any charge for counsel fees and expenses of said defendant, as her only interest is in the other one-third of the corpus. The amount of the allowance is not objected to, nor its payment out of the last third of the corpus, provided such payment be without diminution of the appellant's income from that one-third.

The testator died leaving a widow and two sons (Cortlandt Field Bishop, plaintiff, and David W. Bishop, Jr.). There are no other survivors. His wife (who afterwards became Mrs. Parsons) died October 15, 1922, exercising a power of appointment under testator's will in favor of Cortlandt.

David W. Bishop, Jr., died on December 1, 1911, unmarried and without issue.

Cortlandt Field Bishop has a daughter, the defendant, Beatrice Bend Bishop (now Mrs. Berle), who was born after the death of her grandfather, the testator.

The executors and trustees were the widow and the two sons.

The will was probated both in the New York Surrogate's Court and afterwards in Berkshire county, Mass., where decedent resided when he died. The widow and sons were granted letters in both jurisdictions, and acted, while living, as executors and trustees of the residuary trusts.

The appellant is the sole surviving executor and trustee. The residuary estate consists of real and personal property of an estimated value of $11,500,000.

The appellant's complaint on these appeals is that in construing the 9th paragraph of the testator's will, defining his interest in the residuary estate, there should have been a construction that he was entitled to an absolute fee in the two one-third interests, one of which had come to him by appointment of his mother of her share and the other by the will of his father upon his surviving his brother.

There is further complaint of the decision of the referee and the interlocutory judgment of the court in that it applies the provisions of the 16th article of the will, adjudging that the respondent

Bank of New York and Trust Company is entitled to be trustee of so much of the residuary estate as remains in trust, though the testator named not the said bank, but New York Life Insurance and Trust Company for that position.

The suit was brought to judicially settle the accounts of the plaintiff individually and in his capacity as executor and trustee of the father and the mother, and as the trustee of a certain charity under his mother's will. These accounts extend for more than twenty-four years.

The question which arose with respect to the 9th article was whether, under that article of the testator's will, two-thirds of such estate have now devolved upon the plaintiff. The will, in substance, directed the division of the residuary estate into three parts, one part to be held in trust for the widow and the other parts held for the life of each of his respective sons. These primary trusts are not in dispute, but the 9th article's construction is disputed with respect to the disposition upon the death of the widow of the property held in trust for her benefit during her life, and which by her will she appointed to Cortlandt, the surviving son, and as to the disposition on the death of David W. Bishop, Jr., the other son, without issue, of the property which had been held in trust for his benefit.

Cortlandt is entitled to the income for life of that part of the residuary estate which is throughout the proceedings designated as " the third one-third," and which was left to him under his father's will. He claims that he is also entitled to the corpus of each of his mother's and brother's thirds. His rights are limited under the judgment now here to the income during his life from the entire residuary estate, and his demand that the corpus entire be awarded him was refused.

The judgment also defers until after his death all questions as to how the corpus will devolve at that time.

His claim is that the first one-third of his mother's share devolved upon him absolutely at her death pursuant to the exercise of the power of appointment, and the second one-third devolved upon him absolutely on the death of David W. Bishop, Jr., without issue, as a direct devise and bequest from his father.

The errors appellant claims the judgment carries are: (1) That it gives dominant force to provisions which are repugnant to clear and outright gifts in the earlier part of the 9th article; (2) that in order to nullify explicit and unmistakable absolute gifts in the earlier part of the 9th article, the said judgment gives dominant force to obscure and confused terms of a later proviso, which, as so applied, violate the rule that, to have such effect, the contra-

dictory provisions must be expressed with equal clarity with the original gift; (3) that it ignores the fact that such construction unduly suspends the power of alienation and the absolute ownership of property constituting each of the thirds; and (4) that such construction ignores the invalidity of the ultimate purpose of the testator, as expressed by him in a will made fifty-six days before his death, to leave his estate in certain contingencies to designated charities which were then incapable of receiving such benefit.

The dispute arises over the proper construction of certain clauses of article 9 of the will which are specifically enumerated in the briefs although not so numbered in the testament.

While there was a provision for a direct gift, devise and bequest to each person in the so-numbered 3d clause, and the issue of a son could take only through the exercise of a power of appointment, or by representation of a deceased son, it would seem that the provision for a further trust contained in the so-numbered clause 17 cut it down by the words: " I do further will and provide that during the lives of my sons respectively, all parts of my residuary estate which under the foregoing provisions hereof would go to them, shall remain with the Trustees herein appointed, and their successors, upon the special trust and confidence, to have and to hold the same for and during the term of his natural life, to receive the income, rents, issues and profits thereof, and to apply the same to his use, maintenance and support."

It was argued by the appellant that the proviso should be so construed as to apply distributively to those prior provisions under which issue of the survivor of the sons were to take, and, if no such issue should then be living, that the first two-thirds of the residuary estate vested in a living son who is a descendant of the testator. We think that there is manifested an intent to have the entire residuary estate held in trust. The language seems plain, and the plaintiff's construction would practically eliminate the proviso and defeat what appears to be the purpose of the testator. His construction would make the proviso of no avail even as a modification. Obviously, the proviso was put in there to govern and modify the previous clauses. In substance, the proviso means that, notwithstanding anything to the contrary hereinbefore set forth, all such provisions made for the sons are limited.

Plaintiff's argument is that the proviso should be construed as only covering contingencies not provided for in the preceding clauses, but the testator did not use language that could be so construed. By this proviso, all the foregoing provisions, which might have been gifts going to his sons in fee, were turned into

beneficial life estates. The testator left directions as to the disposition of all three of these thirds upon the death of his sons. This shows that he contemplated a trust for his sons during their lives, and, in the event that both should die without any issue, he left $500,000 to Mrs. Alexander, and each son had a contingent right to dispose of $200,000 and the residue was to go to charity. This distribution of the entire estate was made in the event that the prior gifts to his sons for their lives and subsequently to their issue did not take effect. He intended the proviso to cover everything, because he said, " As to all the foregoing provisions of this article of my will in favor of my sons, both direct and those to take effect upon the decease or remarriage of their mother, that they are upon the proviso and condition following." And he said also that he wished his estate to go to his descendants, and if there should not be issue of his sons to whom it could go (showing that it was intended to be held for grandchildren at least) " that in considerable part it shall go for charitable uses and purposes."

It is requested that the court now declare the remainder interests in the two-thirds of the residuary estate referred to as the widow's and David's shares, primarily so that the parties may be apprised of their present interests; secondarily, so that another expensive and protracted litigation may be avoided, and we conclude that such determination would be proper at this time and we accordingly find that (1) there is a remainder in Beatrice Bend Berle, after the life of Cortlandt Field Bishop, in that third of the residuary estate of David Wolfe Bishop, the elder, which by article 9 of his will he directed to be held first in trust for the benefit of his wife for her life, subject to open up and let in any child of Cortlandt Field Bishop hereafter born and subject, possibly, to be divested by the death of Beatrice Bend Berle prior to the death of Cortlandt Field Bishop; and (2) there is a remainder in Beatrice Bend Berle, after the life of Cortlandt Field Bishop, in that third of the residuary estate of David Wolfe Bishop, the elder, which by article 9 of his will he directed to be held first in trust for the benefit of David Wolfe Bishop, Jr., for his life, subject to open up and let in any child of Cortlandt Field Bishop hereafter born and subject, possibly, to be divested by the death of Beatrice Bend Berle prior to the death of Cortlandt Field Bishop. As to the appeal from the award of an allowance, its disposition is controlled by our ruling on the questions of construction.

The interlocutory judgments should be affirmed and a remainder interest in the life estates received by Cortlandt Field Bishop from his mother's and his brother's shares be now declared to be vested

in his issue, the daughter Beatrice Bend Bishop (now Beatrice Bend Berle) as indicated in this opinion.

Dowling, P. J., Finch and O'Malley, JJ., concur.

Interlocutory judgments affirmed and a remainder interest in the life estates received by Cortlandt Field Bishop from his mother's and his brother's shares be now declared to be vested in his issue, the daughter Beatrice Bend Bishop (now Beatrice Bend Berle) as indicated in the opinion. Settle order on notice.